**Reverse and Render and Memorandum Opinion filed July 2, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00145-CV

### KELLY HANCOCK, ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, Appellant

### V.

### THE NEIMAN MARCUS GROUP, Appellee

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005004**

### MEMORANDUM OPINION

Appellee Neiman Marcus Group ("Neiman") delivered abandoned store merchandise credits to appellant Texas Comptroller of Public Accounts (the "Comptroller") pursuant to the Texas Unclaimed Property Program. Claiming it remitted these credits in error, Neiman asked the Comptroller to return them, but the Comptroller refused. Neiman sued, seeking declaratory relief that the Comptroller at the time, Glenn Hegar, acted ultra vires in collecting and retaining the merchandise

credits. Neiman requested the credits be returned and that the Comptroller be prohibited from collecting and retaining merchandise credits as unclaimed property going forward. The Comptroller filed a plea to the jurisdiction, arguing sovereign immunity barred Neiman's claims. The trial court denied the plea, and the Comptroller filed this interlocutory appeal. Because we conclude Neiman's claims are barred by the statute of limitations, we reverse and render.

## BACKGROUND

Neiman Marcus Group, a retailer of consumer goods, has a return policy of issuing merchandise credit to a customer if the customer returns previously purchased merchandise without a receipt or after a 30-day period. The credit is in the amount of the returned merchandise and is redeemable for future merchandise purchases at Neiman but not for cash. The merchandise credits are issued on plastic cards with a magnetic strip. Pursuant to Title 6 of the Texas Property Code, the Comptroller of Public Accounts is responsible for administering the Unclaimed Property Program. Under that program, persons holding abandoned property must file reports detailing the property and deliver that property to the Comptroller. Tex. Prop. Code §§ 74.101, 301(a). Once the property is delivered, "the state shall assume custody of the property and responsibility for its safekeeping." *Id.* § 74.304(a). The Comptroller holds the property until it is claimed by its rightful owner. *Id.* § 74.501.

Between 2012 and 2019, Neiman remitted $915,157 in unredeemed merchandise credits to the Comptroller as unclaimed property. On August 10, 2020, Neiman, through a third-party representative, claimed it mistakenly remitted these credits to the Comptroller and requested the Comptroller reimburse Neiman for these credits. On March 29, 2021, the Comptroller denied Neiman's request. Neiman protested this denial and the Comptroller's retention of the merchandise credits, corresponding with the Comptroller for over three years before filing suit.

2

Neiman sued the Comptroller on August 9, 2024, seeking declaratory relief under the Texas Uniform Declaratory Judgment Act ("UDJA") that the Comptroller's collection and retention of Neiman's unredeemed merchandise credits as unclaimed property was unlawful. Neiman requested the Comptroller return the credits to Neiman and be prohibited from collecting and retaining these credits as unclaimed property. The Comptroller filed a plea to the jurisdiction, arguing that sovereign immunity barred Neiman's claims on the grounds that the Comptroller did not act outside its legal authority, Neiman sought retrospective relief, and that Neiman failed to exhaust its administrative remedies before suing the Comptroller. The trial court denied the plea and the Comptroller filed this appeal.

## STANDARD OF REVIEW

Sovereign immunity implicates a trial court's jurisdiction and is properly raised in a plea to the jurisdiction. *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). We review a trial court's ruling on a plea to the jurisdiction, including any questions of statutory construction, de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). The Comptroller's plea challenges Neiman's pleadings. For a plea that "challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Id.*

In suits against a state entity, the plaintiff bears the burden to prove that the pled facts, if true, affirmatively demonstrate that sovereign immunity either is inapplicable or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 388, 394 (Tex. 2021). Courts construe the pleadings "liberally in favor of the plaintiffs and look to the pleaders' intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217,

226 (Tex. 2004). If the pleadings contain insufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not "affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. But "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227.

## ANALYSIS

The Comptroller challenges the trial court's order denying its plea to the jurisdiction, contending sovereign immunity bars Neiman's claims on one of several grounds: (1) the Comptroller either acted ministerially or within his discretion in holding the merchandise credits; (2) Neiman's request to have its credits returned constitutes impermissible retrospective monetary relief; (3) Neiman's claims are barred by either a 2-year or 4-year statute of limitations; (4) Neiman failed to exhaust its administrative remedies before filing suit; (5) Neiman fails to allege how the individual actions of Glenn Hegar are ultra vires.

Neiman responds that the Comptroller acted ultra vires in holding the merchandise credits because the Comptroller had no authority to hold the credits since they are exempt from the Unclaimed Property Program reporting and delivery requirements. Neiman also responds that seeking the return of the merchandise credits and a prohibition on collecting them in the future is not retrospective but prospective. Neiman further responds that it filed its lawsuit within both the 2-year and 4-year statute of limitations and did not fail to exhaust its administrative remedies because no such remedies existed for Neiman. Lastly, Neiman responds that this suit was brought against Hegar in his official capacity and that he was automatically substituted for Kelly Hancock once Hegar left office. We agree with

4

the Comptroller that the 2-year statute of limitations bars Neiman's claims. As resolution of this issue disposes of this case, we do not reach the other issues and arguments raised by the Comptroller.

The two-year statute of limitations under Section 16.003(a) of the Texas Civil Practice and Remedies Code states:

> [A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, *taking or detaining the personal property of another*, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

(emphasis added). Neiman's petition raises a claim under the UDJA seeking declaratory relief that the Comptroller's collection and retention of Neiman's unredeemed merchandise credits as unclaimed property is unlawful and further requests that the Comptroller return the credits to Neiman and be prohibited from collecting and retaining these credits as unclaimed property going forward. We note that the UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction," *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993), and does "not alter a suit's underlying nature," *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009).

The Comptroller argues that Neiman's claim concerns the "taking or detaining the personal property of another . . . ." *Id*. To "detain" means "to hold or keep in or as if in custody" and to "withhold." *Detain*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 340 (11th ed. 2020); *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017) ("To determine a statutory term's common, ordinary meaning, we typically look first to . . . dictionary definitions . . . ."). Here, the "underlying nature" of Neiman's UDJA claim is that the Comptroller is unlawfully "holding or keeping"—detaining—the merchandise

credit owned by Neiman's customers. Neiman seeks declaratory relief that such "holding" is unlawful because Neiman is the proper custodian of those credits and requests injunctive relief to have the credits returned and prohibit their collection in the future.

The parties do not dispute that the merchandise credit is property or that Neiman's customers own the credit. Neiman's cause of action accrued on March 29, 2021, when the Comptroller denied Neiman's $915,157 refund request. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy."). The statute of limitations on Neiman's claim expired two years later in March of 2023. As Neiman did not sue until August 2024, limitations bars Neiman's claim.

Neiman objects that limitations is an affirmative defense and is not jurisdictional. However, the Texas Supreme Court has said that a statute of limitations is jurisdictional when raised by government entities and has held that Section 16.003 specifically is jurisdictional in those circumstances. *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300–02 (Tex. 2024) (analyzing Section 16.003 and stating "[w]e accordingly hold that the statute of limitations, including the requirement of timely service, is jurisdictional in suits against governmental entities"). Neiman relatedly notes that the Comptroller did not raise the statute of limitations defense in its plea to the jurisdiction or answer, but jurisdictional issues can be raised for the first time on appeal. *Tex. Air Control Bd.*, 852 S.W.2d at 445 ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties.").

Neiman also objects that the Comptroller erroneously argues that Neiman's claim constitutes "conversion and civil theft" under Section 16.003 when Neiman

raised neither of those claims. Neiman misstates the Comptroller's position—the Comptroller does not argue that Neiman raises a conversion or civil theft claim. Rather, it argues that Neiman's claim constitutes a "taking or detaining" of personal property. And as discussed above, Neiman's claim amounts to arguing that the Comptroller is wrongfully "detaining" the merchandise credit of Neiman's customers.

Neiman further objects that the accrual date for its claim should be October 2, 2023, "because that is when Neiman Marcus had exhausted all efforts with the Comptroller to resolve the dispute short of litigation." But a party exhausting its efforts to resolve a dispute is not the standard for accrual. As stated by the Texas Supreme Court, "[i]n most cases, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). The Comptroller's denial of Neiman's reimbursement request on March 29, 2021, is the date the injury occurred because it was at that point the Comptroller prevented Neiman from recovering the merchandise credits. The Comptroller's denial is when the "facts" came into existence authorizing Neiman to "seek a judicial remedy."[1] *Exxon*, 348 S.W.3d at 202.

Neiman requests that it be given an opportunity to replead facts sufficient to cure any defect if this Court determines the trial court lacked jurisdiction over its claim. This case, however, is an instance where Neiman's pleadings "affirmatively negate the existence of jurisdiction" and so Neiman is not entitled to replead. *Miranda*, 133 S.W.3d at 227. Neiman pled the Comptroller denied its request for the return of its merchandise credits on March 29, 2021, which was more than two years

---

[1] We do not weigh in on whether Neiman would be entitled to a judicial remedy if this suit had been filed before the expiration of limitations.

prior to the lawsuit being filed.[2] Accordingly, we deny Neiman's request to be given an opportunity to replead.

**CONCLUSION**

We reverse the trial court's order denying the Comptroller's plea to the jurisdiction and render judgment dismissing Neiman's claim against the Comptroller.


/s/ April Farris
April Farris
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.

---

[2] Neiman also attached to its petition the e-mail from the Comptroller denying Neiman's request.